141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TRANSCONTINENTAL INSURANCE COMPANY,
Plaintiffcounter-defendant-Appellee,
v.
Steiner & Libo, a California Law Partnership; Neil S.
Steiner, an individual; Leonard Steiner, an
individual; David J. Libo, an
individual,
Defendants-counter-
claimants-
Appellants.
 No. 97-55002.
D.C. No. CV-96-03487-MRP.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1998.
Decided Mar. 2, 1998.
 
 Appeal from the United States District Court for the Central District of California Mariana R. Pfaelzer, District Judge, Presiding.
 Before FLETCHER, MAGILL,** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The law firm Steiner & Libo and its partners appeal the district court's grant of summary judgment in favor of Transcontinental Insurance Company in Transcontinental's declaratory judgment action for a declaration that it owed the appellants no duty to defend or indemnify for an act of employee embezzlement. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 Where, as here, neither party raised an objection in the district court to the exercise of jurisdiction under the Declaratory Judgment Act, "we are not required, sua sponte, to decide whether a district court abused its discretion in proceeding with the action." GEICO v. Dizol, No. 95-17393, 1998 WL 7832, at * 4 (9th Cir. Jan.13, 1998). There are no "extraordinary circumstances" in this case that warrant appellate intervention into the jurisdictional question. See id. at * 4 n. 4.
 
 
 4
 The district court did not commit error by granting Transcontinental's motion to dismiss the appellants' counterclaims. Under the insurance policy, there is no duty to defend until a third party sues the appellants. See Bowie v. Home Ins. Co., 923 F.2d 705, 708 (9th Cir.1991) ("The phrase 'duty to defend' presupposes the existence of a lawsuit ...."). At the oral argument on the appellants' motion for reconsideration of the district court's dismissal order, the appellants conceded that there were no lawsuits pending against the law firm or any of its partners.
 
 
 5
 Finally, the district court did not commit error by granting summary judgment to Transcontinental. The August 2, 1995, letter from the appellants to Transcontinental is sufficient evidence that the loss resulted from an employee's criminal activity to justify the district court's conclusion that, as a matter of law, the loss was covered by the insurance policy's exclusion of coverage for fraudulent, dishonest, or criminal conduct by an employee. The district court did not commit error by requiring the appellants to produce evidence in response to Transcontinental's evidence that the loss resulted from criminal activity by an employee. Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959 (9th Cir.1994).
 
 
 6
 Neil Steiner's November 4, 1996, declaration is insufficient to defeat summary judgment. The appellants' repeated professions that their own incompetence increased the amount of the loss does not alter the fact that the loss resulted directly from criminal activity. That members of the law firm may have negligently allowed an employee to perpetuate the theft from the firm's client trust fund does not negate the plain effect of the insurance policy's exclusionary clause. Summary judgment for Transcontinental was appropriate.
 
 
 7
 AFFIRMED.
 
 
 
 **
 Honorable Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3